UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID T. ATZET,           Petitioner,      v. GERALD BENITO,           Respondent. | No. 2:13-cv-00709 DAD P  ORDER AND  <u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a state prisoner proceeding pro se, has filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I. Application to Proceed In Forma Pauperis**

Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

**II. Exhaustion of State Court Remedies**

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal habeas court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

Upon reviewing the amended petition for habeas corpus pending before the court, the undersigned t finds that petitioner has failed to exhaust state court remedies.  In his amended petition for federal habeas relief petitioner alleges that he has filed two habeas petitions with the Shasta County Superior Court.  (ECF No. 7, ¶ 11(c) at 3.)   However, petitioner concedes that the claims contained in the amended petition before this court have not been presented to the California Supreme Court.  (Id.)  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the amended petition for federal habeas relief should be dismissed without prejudice.[2]

**III.  Other Matters**

A.  Request for Appointment of Counsel

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time and in light of the recommendation that the amended petition be dismissed without prejudice. Therefore, petitioner's request for appointment of counsel will be denied.

B.  Request for Equitable Tolling

Petitioner also requests that he be granted equitable tolling of the applicable statute of limitations from March 2, 2012, when his direct appeal in state court was denied, to October 1,

---

[2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

2012, when according to petitioner was able to "adequaly [sic] pursue these legal matters." (ECF No. 9 at 1.) The court need not address whether equitable tolling is necessary or appropriate at this time in light of the court's recommendation that this action be dismissed for failure to exhaust any of his claims by presenting them to the state high court.

**IV. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's May 15, 2013 application requesting leave to proceed in forma pauperis (ECF No. 10) is granted;

2. The Clerk of the Court is directed to randomly assign this action to a District Judge; and

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

Also, IT IS HEREBY RECOMMENDED that petitioner's amended application for a writ of habeas corpus be dismissed for failure to exhaust any of the claims contained therein.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 17, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
atze709.103